IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSE RYAN DYE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23cv00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER PLASTER, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Jesse Ryan Dye, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Commonwealth's Attorney Christopher Plaster, Assistant Commonwealth's Attorney Katie Gallagher, Hon. Richard Patterson, and Officer Noah Horn.[1] Dye seeks leave to proceed *in forma pauperis* with this action. Having reviewed Dye's complaint, the court grants his request to proceed *in forma pauperis* but concludes that he fails to state a cognizable § 1963 claim against any of the named defendants. Accordingly, the court will dismiss Dye's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dye alleges that the prosecutors treated him as if he "was already sentenced as a guilty party" and they "refused fair treatment." (Compl. at 2 [ECF No. 1].) Dye also alleges that "the judge showed prejudice and unfair treatment to [his criminal] case," and that the judge "was already in cohoots [*sic*] with the Commonwealth prosecution." *Id.* Dye believes he was "wrongfully charged without proper or correct evidence." *Id.*

---

[1] Chris Plaster is the Commonwealth's Attorney and Katie Gallagher is an Assistant Commonwealth's Attorney for Tazewell County, Virginia. Hon. Richard Patterson is a judge for the Tazewell Circuit Court. Noah Horn allegedly works for the Bluefield Drug Task Force, but he is not mentioned in the factual allegations beyond being named in the caption of the complaint.

Two months after filing this civil complaint, Dye filed additional documents in support of his complaint, providing context for the alleged improper treatment by the prosecutors as well as responses from other Virginia courts which he asked for assistance in his case.[2] (ECF Nos. 9, 11.) As relief, Dye seeks "mental, emotion[al] relief for being judged prior to a fair trial," as well as "financial compensation for loss of home, and pets, and personal belongings while incarcerated." *Id.* at 3.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487, U.S. 42, 48 (1988). "[I]n initiating a prosecution and in presenting the State's case," a prosecutor is immune from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Furthermore, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Accordingly, Dye cannot pursue this § 1983 action against the prosecutors or the judge in this case. Moreover, Dye has not stated a claim against Defendant Horn as he has not alleged any conduct attributable to that particular defendant. *See Wright v. Collins*, 766.F2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal

---

[2] Dye believes that his jail sentence is not being calculated in accordance with his plea agreement, and he contacted various Virginia state courts to inquire about his sentence as well as to complain about the conduct of the prosecutors and the judge. Dye submitted the responses from these courts in support of his complaint. The responses indicate that Dye may not request or rely on assistance from any of the courts and should direct questions about his sentence to the Department of Corrections.

citation omitted)). For the reasons stated, the court will dismiss Dye's complaint under §
1915(e)(2)(B)(ii).

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 24th day of July, 2023.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE